**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000736
30-JAN-2020
07:46 AM**

NO. CAAP-17-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

MATTHEW CLEMENT, Petitioner-Appellant,
v.
STATE OF HAWAI‘I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 16-1-0008)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Petitioner-Appellant Matthew Clement (**Clement**) allegedly broke into Eleanor Wimberly's home and killed her by shooting her in the head and chest with a handgun at close range. He was charged with murder in the second degree, burglary in the first degree, and place to keep pistol or revolver. A jury found him guilty as charged. On July 18, 2000, the Circuit Court of the First Circuit[1] sentenced him to life in prison with the possibility of parole on the murder count and ten years each on the burglary and firearms counts, to be served concurrently.

On December 20, 2000, the Hawaii Paroling Authority (**HPA**) fixed Clement's minimum terms of imprisonment at 40 years on the murder count and 10 years on each of the burglary and firearms counts.[2] However, the HPA granted Clement a new minimum

---

[1] The Honorable Dexter D. Del Rosario presided over the trial and sentencing.

[2] The HPA is charged with determining the minimum term of imprisonment that a person must serve before becoming eligible for parole. Hawaii
(continued...)

term hearing based on <u>Coulter v. State</u>, 116 Hawai'i 181, 172 P.3d 493 (2007) (holding that an HPA minimum term decision that did not specify the level of punishment or significant criteria upon which the decision was based violated HPA Guidelines established pursuant to HRS § 706-669(8)). The new hearing was held on January 28, 2014. An amended order specifying Level III punishment and fixing a minimum term of 25 years on the murder count, to expire on March 3, 2024, was issued on January 28, 2014 **(Minimum Term Order)**.[3]

On May 11, 2016, a self-represented Clement filed a petition pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure **(HRPP)** **(Rule 40 Petition)** challenging the Minimum Term Order. On September 8, 2017, the circuit court[4] denied the petition without a hearing **(Rule 40 Denial Order)**. Clement filed this appeal.

The issue presented by this appeal is whether Clement's Rule 40 Petition alleged facts which, if proven, would entitle Clement to relief. We hold that the circuit court erred in finding "[Clement]'s claims to be patently frivolous and . . . without trace of support either in the record or from other evidence submitted by [Clement]." Accordingly, we vacate the Rule 40 Denial Order and remand to the circuit court for further proceedings.

## I.

An HRPP Rule 40 petition is the appropriate means to challenge a minimum term of imprisonment set by the HPA. <u>De La Garza v. State</u>, 129 Hawai'i 429, 438, 302 P.3d 697, 706 (2013). HRPP Rule 40 (eff. 2006) provides, in relevant part:

> **(f) Hearings.** If a petition alleges facts that if proven would entitle the petitioner to relief, the court

---

[2] (...continued)
Revised Statutes **(HRS)** § 706-669(1) (1993). The guidelines upon which these determinations are made are established by the HPA. HRS § 706-669(8).

[3] The 10-year minimum terms on the burglary and firearms counts had by then expired.

[4] The Honorable Fa'auuga L. To'oto'o presided.

> shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.
>
> The petitioner shall have a full and fair evidentiary hearing on the petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of any judge who presided at any hearing during the course of the proceedings which led to the judgment or custody which is the subject of the petition, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

Orders denying HRPP Rule 40 petitions are reviewed de novo. Lewi v. State, 145 Hawai'i 333, 345, 452 P.3d 330, 342 (2019). "The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court." Id. (citation omitted).

## II.

Clement's opening brief raises seven points of error, which we have reorganized and partially consolidated.

### A. The presentence detention credit issue is moot.

Clement contends that his claim that the HPA's Minimum Term Order failed to credit him with time spent in presentence detention was not patently frivolous and was supported in the record and by other evidence submitted by him. We have taken judicial notice, pursuant to Hawaii Rules of Evidence (**HRE**) Rule 201, that on April 25, 2018 (while this appeal was pending), the HPA issued another amended order that adjusted the minimum term expiration date for the murder conviction to January 31, 2024 (from March 3, 2024), based upon the "amended Pre Sentence

Credits from the Department of Public Safety, which has caused minimum and maximum sentences to be adjusted." Because Clement has now received credit for time served, his appeal from that issue is moot. Lewi, 145 Hawai'i at 346, 452 P.3d at 343.

**B. The HRPP Rule 40 Petition stated a colorable claim that Clement was denied due process before the HPA.**

The HPA is obligated to comply with the due process clause of the Hawai'i Constitution in determining minimum terms of imprisonment. De La Garza, 129 Hawai'i at 439, 302 P.3d at 707. "[D]ue process . . . requires that the prisoner have timely access to all of the adverse information contained in the HPA file." Id. at 442, 302 P.3d at 710.

Clement contends that he was not provided with the adverse information contained in HPA's file before the 2014 minimum term hearing. That contention is without merit because the attorney who represented Clement in the original 2000 minimum term hearing was provided with copies of those documents before that hearing.

Clement contends that he was not provided with the State's Partial Presentence Diagnosis and Report, dated February 17, 2000, before the 2014 minimum term hearing. That contention is also without merit because Clement's attorney was provided with a copy of the document.[5]

Clement contends that in 2014 the HPA considered a letter from the Department of the Prosecuting Attorney, dated July 19, 2000, containing adverse information, that was produced for the first time during the 2014 minimum term hearing by the deputy prosecuting attorney handling the hearing. Clement contends the letter was not provided to his attorney at any point before the 2000 minimum term hearing or the 2014 minimum term hearing. Clement had "'a right to disclosure of adverse

---

[5] Clement's contention that he was deprived of effective assistance of counsel because his attorney refused to give him a copy of the presentence report is addressed below.

4

materials' in preparation for [his] minimum term hearing, so that '[he] is given reasonable notice and a meaningful opportunity to be heard on the issue of the minimum term.'" Lewi, 145 Hawaiʻi at 349, 452 P.3d at 346 (citations omitted). Clement states a colorable claim for relief that entitles him to a hearing on that issue raised in his Rule 40 Petition. The circuit court's finding that the claim was patently frivolous and without trace of support either in the record or from other evidence submitted by Clement was clearly erroneous.[6]

Finally, Clement contends that HPA arbitrarily and capriciously determined that he was a Level III offender and fixed a minimum term of 25 years on the murder count, because it failed to adequately consider all of the relevant factors. The Minimum Term Order issued on January 28, 2014, stated:

> Level of Punishment: Level III.
> Significant factors identified in determining level of punishment:
> (1) Nature of Offense; (2) Character and Attitude of Offender with Respect to Criminal Activity or Lifestyle; (3) Involvement of Offender in Instant Offense.

On November 7, 2019, the Hawaiʻi Supreme Court decided Lewi and held:

> [T]he HPA is required to set forth a written justification or explanation (beyond simply an enumeration of any or all of the broad criteria considered) when it determines that the minimum term of imprisonment for the felony offender is to be set at a Level II or Level III punishment.

145 Hawaiʻi at 348-49, 452 P.3d at 345-46. Lewi had not been decided when the circuit court entered the Rule 40 Denial Order. The supreme court's opinion directed that the new rule established by Lewi be applied to all cases that were on direct review or not yet final as of November 7, 2019. Id. at 349 n.21, 452 P.3d at 346 n.21. Lewi applies to this case because we are directly reviewing Clement's appeal from the minimum term of

---

[6] Clement's contention that he was also deprived of effective assistance of counsel because his attorney failed to request a continuance of the 2014 minimum term hearing is also addressed below.

imprisonment set by the HPA, and our review was not final as of November 7, 2019. Accordingly, we remand for the circuit court to determine whether the 2014 Minimum Term Order complied with the rule established by Lewi.

Because we remand this case for a hearing on certain issues in Clement's Rule 40 Petition, we need not address Clement's additional contention that he was denied due process.

### C. Clement did not serve the Rule 40 Petition upon the counsel whose assistance is alleged to have been ineffective.

Clement contends that the lawyer who represented him during the 2014 minimum term hearing (Harriet Ilima **Morrison**) was ineffective because she refused to give him a copy of the State's Partial Presentence Diagnosis and Report, and because she failed to request a continuance of the hearing upon receiving for the first time a copy of the letter from the Department of the Prosecuting Attorney, dated July 19, 2000, that contained additional information adverse to Clement. HRPP Rule 40(f) provides, in relevant part:

> Where the petition alleges the ineffective assistance of counsel as a ground upon which the requested relief should be granted, the petitioner shall serve written notice of the hearing upon the counsel whose assistance is alleged to have been ineffective and said counsel shall have an opportunity to be heard.

The record contains no indication that Clement served Morrison with his Rule 40 Petition. Should Clement desire to pursue his claim of ineffective assistance of counsel on remand, he must serve Morrison with copies of all relevant documents so that she may have an opportunity to be heard.

### III.

Based upon the foregoing, the Rule 40 Denial Order entered by the circuit court on September 8, 2017, is vacated.

On remand, the circuit court should conduct a hearing on Clement's Rule 40 Petition to determine whether Clement was

denied due process in connection with the HPA's 2014 minimum term hearing and, if Clement fully complies with HRPP Rule 40(f), whether Clement received ineffective assistance of counsel in connection with the 2014 minimum term hearing.

DATED: Honolulu, Hawai'i, January 30, 2020.

Matthew Clement,
Self-represented
Petitioner-Appellant.

Diane K. Taira,
Lisa M. Itomura,
Deputy Attorneys General,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge