**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000134
12-OCT-2023
08:04 AM
Dkt. 77 SO**

NO. CAAP-21-0000134

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RYAN L. KWOLEK, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CPN-20-0000017; 2CPC-18-0000277)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Petitioner-Appellant Ryan L. **Kwolek** appeals from the Circuit Court of the Second Circuit's February 12, 2021 "Findings of Fact, Conclusions of Law, and Order Denying Without a Hearing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody" (**Order**). The Order denied Kwolek's Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 Petition for Post-Conviction Relief (**Petition**) without a hearing.[1]

---

[1] The Honorable Richard T. Bissen, Jr. presided.

For background, a grand jury indicted Kwolek, charging him with 18 counts of drug and drug paraphernalia offenses.[2]

---

[2] The counts returned in the indictment were as follows:

**Count 1:** Commercial Promotion of Marijuana in the First Degree, in violation of Hawaiʻi Revised Statutes (**HRS**) § 712-1249.4(1)(c) (2014);

**Count 2:** Commercial Promotion of Marijuana in the Second Degree, in violation of HRS § 712-1249.5(1)(c) (2014);

**Count 3:** Promoting a Detrimental Drug in the First Degree, in violation of HRS § 712-1247(1)(g) (2014) as to marijuana plants;

**Count 4:** Attempted Promoting a Dangerous Drug in the Second Degree, in violation of HRS §§ 705-500 (2014), 712-1242(1)(c) (Supp. 2017) as to 3,4-methylenedioxy-methamphetamine (**MDMA**);

**Count 5:** Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1) (2014) as to MDMA;

**Count 6:** Attempted Promoting a Dangerous Drug in the Second Degree in violation of HRS §§ 705-500, 712-1242(1)(c) as to cocaine;

**Count 7:** Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1) as to cocaine;

**Count 8:** Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (Supp. 2018) as to MDMA and/or cocaine;

**Count 9:** Attempted Promoting a Harmful Drug in the First Degree, in violation of HRS §§ 705-500, 712-1244(1)(d) (2014) as to marijuana concentrates;

**Count 10:** Promoting a Harmful Drug in the Second Degree, in violation of HRS § 712-1245(1)(b) (2014) as to marijuana concentrates;

**Count 11:** Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) as to marijuana concentrate;

(continued . . .)

Kwolek pled no contest to Counts 2-7, 10, and 12. Based on the no-contest plea, the circuit court entered an "Amended Judgment; Conviction and Sentence; Notice of Entry" sentencing Kwolek to, *inter alia*, a ten-year term of imprisonment in each of Counts 2, 4, 6, and 10, and a five-year term of imprisonment in each of Counts 3, 5, 7, and 12, all terms to run concurrently. The remaining counts were dismissed with prejudice pursuant to the plea deal.

On June 4, 2019, the Hawaiʻi Paroling Authority (**HPA**) held a hearing to determine Kwolek's minimum term(s) of imprisonment. On July 1, 2019, HPA issued a Notice and Order of Fixing Minimum Term(s) of Imprisonment (**Imprisonment Order**),

---

(. . . continued)

| | |
|---|---|
| **Count 12:** | Attempted Promoting a Detrimental Drug in the First Degree, in violation of HRS §§ 705-500, 712-1247(1)(h) (2014) as to marijuana; |
| **Count 13:** | Promoting a Detrimental Drug in the Second Degree, in violation of HRS § 712-1248(1)(c) (2014) as to marijuana; |
| **Count 14:** | Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) as to marijuana; |
| **Count 15:** | Promoting a Harmful Drug in the Fourth Degree, in violation of HRS § 712-1246.5(1) (2014) as to Alprazolam; |
| **Count 16:** | Promoting a Harmful Drug in the Fourth Degree, in violation of HRS § 712-1246.5(1) as to Testosterone; |
| **Count 17:** | Promoting a Harmful Drug in the Fourth Degree, in violation of HRS § 712-1246.5(1) as to Nandrolone; and |
| **Count 18:** | Promoting a Harmful Drug in the Fourth Degree, in violation of HRS § 712-1246.5(1) as to Methandienone. |

setting Kwolek's level of punishment at II for all counts and setting a minimum term of four years and six months for Counts 2, 4, 6, and 10, and a minimum term of three years for Counts 3, 5, 7, and 12, running concurrently. HPA later reduced each minimum term by six months.

On September 16, 2020, Kwolek filed the Petition asserting three grounds for relief and requesting parole with credit for time served. The three grounds asserted were as follows:

> **Ground One:** "HPA acted arbitrarily and capriciously in it's [sic] finding for Level II Punishment when facts on record and evidence adduced at HPA minimum hearing only support Level I Punishment," violating the due process and equal protection clauses, Hawaiʻi Revised Statutes (**HRS**) § 706-669(8), Hawaiʻi Administrative Rules (**HAR**) § 23-700-24, and the Guidelines for Establishing Minimum Terms of Imprisonment (**Guidelines**).
>
> **Ground Two:** "HPA gave a simple enumeration of guideline criteria in it's [sic] Order of Fixing Minimum Term with no written justification required by law," violating the Guidelines, "Notes to Decision HRS § 706-662," "Notes to Decision HRS § 91-12," and HAR § 23-700-22(k).
>
> **Ground Three:** "HPA precluded effective assistance of counsel by withholding fact/information to finding of fact and conclusion or the nondisclosure of adverse information considered for reasoned decision making," violating his right to due process and assistance of

4

counsel, HAR §§ 23-700-22(e) and (g), and HRS §§ 706-669(2) and (3).

The circuit court denied the Petition, concluding that Kwolek's "claims are patently frivolous and without support in the record or in the evidence he submitted, he is not entitled to a hearing on his Petition."

On appeal, Kwolek raises twelve points of error:

**(A)** "The [Hawai'i] Legislature has not delegated it's [sic] authority to the HPA to prescribe a range of minimum terms of imprisonment, make their own findings based on subjectivity, ignoring substantial evidence . . . , and set a[n] increased minimum punishment range."

**(B)** "Assuming that HPA can prescribe a range for minimum term sentence, HPA's sentencing of minimum term based on variable Level's [sic] of Punishment, and minimum term ranges within Level's [sic] of Punishment increases the punitive penalty for the crime. Making uniform determination[s] virtually impossible."

**(C)** "HPA ignored and violated it's [sic] guidelines and administrative rules in setting Petitioner's minimum term, acting arbitrarily and capriciously."

**(D)** "HPA failed to follow rules and statutes in setting of minimum terms that were established and applied to other similarly situated prisoners providing uniform determination of minimum terms."

**(E)** "[HRS § 706-669(8)], delegating authority to HPA to prescribe the minimum period of incarceration & establishing parole eligibility serves as a procedural protection to safeguard prisoners [sic] rights. Consequently, [HRS § 706-669(8)] is unconstitutionally vague, leaving HPA to it's [sic] own devices. Thus setting minimum terms in an arbitrary and capricious manner."

**(F)** "HPA Guidelines also serv[e] as a procedural protection to safeguard prisoners [sic] rights. Conversely, there is no rational basis and is [sic] procedurally inadequate to provide a uniform determination of sentencing. Using subjectivity as a 'Back Door' to arbitrary and capricious determination of minimum sentences. Even in the event of substantial evidence, Judicial and Prosecutor's recommendations providing concrete facts to a specific Level of punishment and range within that

5

Level of Punishment (Level I Punishment of 18 months)."

**(G)** "HPA Guidelines and Administrative Rules providing all deviations and increase Level of Punishment with written justification to the [Imprisonment Order]. This never being produced, absent, or lacking findings of fact for reasoned decision making on Petitioner's [Imprisonment Order.]"

**(H)** "HPA setting Petitioner's minimum term based on the significant factors of 'Character & Attitude with Respect to Criminal Activity or Lifestyle' and 'Efforts Made to Live Pro-Social Life Prior to Commitment to Prison' this being completely contradictory to all evidence/fact adduced at the minimum hearing."

**(I)** "HPA violating [HRS § 706-669(8)] by ignoring Petitioner's criminal history, this being his first felony offense, and disreguarding [sic] all statements & referrals provided by the State and community support expressing Petitioner's excellent character & attitude with efforts to live pro-socially prior to incarceration."

*(J)* "*HPA clearly using [sic] some other adverse information in determination of Petitioner's minimum sentence. If HPA is a 'quasi-judic[i]al' body some evidence to redure [sic] increase Level of Punishment must have been used. A pur[e]ly subjective decision is blatantly a[n] arbitrary & capricious manner in reason decision making, being a violation. So if adverse information was used, it was never disclosed to Petitioner or his cou[n]sel prior to the minimum hearing. Giving him adequate time to prepare and rebut. This resulting in ineffective assist[a]nce.*"

**(K)** "The Second Circuit Court . . . abuse[d] [its] discretion and it's [sic] lack of due diligence in thourgly [sic] review the facts and standards of review argued in Petitioner's H.R.P.P. Rule 40."

**(L)** "The Circuit Court erred by simply 'rubber stamping' the Deputy Attorney General's Order Denying a Hearing and excluding the Circuit Courts [sic] own Finding of Facts that would explain it's [sic] shifted point of view from it's [sic] original recommendations and facts on record."

(Emphasis added.)

Upon careful review of the record and the briefs submitted, and having given due consideration to the issues raised and the arguments advanced by the parties, we resolve Kwolek's points of error below, and vacate and remand.

Kwolek's Point of Error J warrants a hearing. Kwolek alleges that HPA considered adverse information in making his minimum imprisonment term determination but did not disclose the information to Kwolek's counsel before the June 4, 2019 hearing, which rendered her assistance ineffective. Kwolek appears to reason that HPA must have considered some adverse information in order to categorize him as a Level II offender as opposed to a Level I offender.

Under HRPP Rule 40(f), the circuit court must grant a hearing if the allegations in an HRPP Rule 40 petition would entitle a petitioner to relief if proven, and may deny a hearing where the claim is patently frivolous:

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. . . .
>
> The petitioner shall have a full and fair evidentiary hearing on the petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of any judge who presided at any hearing during the course of the proceedings which led to the judgment or custody which is the subject of the petition, and relevant and necessary portions of the transcripts of prior proceedings. . . .
>
> Where the petition alleges the ineffective assistance of counsel as a ground upon which the requested relief should be granted, the petitioner shall serve written notice of the hearing upon the counsel whose assistance is alleged to have been ineffective and said counsel shall have an opportunity to be heard.

HRPP Rule 40(f).

The Hawaiʻi Supreme Court has explained that a hearing must be held where the petition states a "colorable claim":

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court's proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Rapozo v. State, 150 Hawaiʻi 66, 77-78, 497 P.3d 81, 92-93 (2021) (emphases added and citations omitted).

Here, the circuit court concluded that Kwolek failed to show HPA withheld any information, that counsel was not ineffective, and Kwolek's claims were patently frivolous. Conclusions of Law 4 through 6 in the Order state:

> 4.  Petitioner has failed to show that the HPA withheld information, adverse or otherwise, that it considered when setting Petitioner's level of punishment and his minimum terms from he [sic] or his counsel.

> 5.  Petitioner's counsel did not provide ineffective assistance to him at his sentencing or his minimum hearing before the HPA.

> 6.  As Petitioner's claims are patently frivolous and without support in the record or in the evidence he submitted, he is not entitled to a hearing on his Petition.

The record shows HPA categorized Kwolek as a Level II offender.  The record, however, does not reflect what information was in Kwolek's file or what information the HPA

provided Kwolek before his June 4, 2019 hearing. The record also does not contain a transcript of the June 4, 2019 hearing.

Thus, there was insufficient information in the record for the circuit court, and this court, to determine whether Kwolek's claim that HPA failed to provide him adverse information was patently frivolous. See Star v. State, No. CAAP-17-0000642, 2018 WL 4327325 at *4-*6 (App. Sept. 11, 2018) (SDO) (explaining where the record did "not contain transcripts . . . of the HPA proceeding, nor copies of what was provided to Star, nor what was in his HPA file," the record was "insufficient to address the question of whether HPA considered adverse information that was not provided to Star in advance of the hearing").

In advance of the hearing, HPA was required to provide Kwolek with adverse information in their HPA file. De La Garza v. State, 129 Hawaiʻi 429, 442, 302 P.3d 697, 710 (2013). And the State was required to provide a sufficient record to the circuit court so it could address whether HPA considered adverse information and whether the adverse information was provided to Kwolek. See Star, No. CAAP-17-0000642, 2018 WL 4327325 at *4-*6; HRPP Rule 40(d) (providing in part that the "respondent shall file with its answer any records that are material to the questions raised in the petition which are not included in the petition").

9

If Kwolek's claim that HPA considered adverse information without providing it to him in advance of the June 4, 2019 hearing is taken as true, Kwolek presents a colorable claim. See Star, 2018 WL 4327325 at *6. Because there was insufficient information to determine whether HPA considered adverse information and whether HPA provided that information to Kwolek, Conclusions of Law 4 through 6 were wrong.

We therefore remand this case to the circuit court for a hearing to further develop the record. See De La Garza, 129 Hawaiʻi at 443, 302 P.3d at 711 ("In the absence of sufficient evidence in the record on appeal, an appellate court should remand for the development of such a record.") (citation and internal quotation marks omitted). Because Kwolek's Points of Error H, I, and K also appear to be evidence-related claims, we do not address them further; the circuit court may determine on remand whether these evidence-related claims were also implicated by HPA's alleged consideration of adverse evidence that was not provided to Kwolek.

Moreover, the record does not reflect that Kwolek served his hearing counsel with a copy of the Petition, as required by HRPP Rule 40(f) for ineffective assistance of counsel claims. See Clement v. State, 146 Hawaiʻi 119, 456 P.3d 192, No. CAAP-17-0000736, 2020 WL 502157 at *3 (App. Jan. 30, 2020) (SDO). If Kwolek maintains his ineffective assistance of

10

counsel claim on remand, he must serve his hearing counsel with a copy of the Petition.

Finally, Kwolek's remaining points of error are waived or there was no colorable claim. Points of Error B, E, and F are new claims Kwolek did not raise below and, thus, are waived. HRPP Rule 40(a)(3) (providing in part that "[e]xcept for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue"). And as to the remaining points of error, the circuit court did not err in denying the petition "based on no showing of a colorable claim . . . ." Maddox v. State, 141 Hawaiʻi 196, 202, 407 P.3d 152, 158 (2017) ("Whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed de novo; thus, the right/wrong standard of review is applicable.") (citation and internal quotation marks omitted).

Based on the foregoing, the circuit court's February 12, 2021 "Findings of Fact, Conclusions of Law, and Order Denying Without a Hearing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody" is

vacated, and this case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, October 12, 2023.

On the briefs:                          /s/ Clyde J. Wadsworth
                                        Presiding Judge
Ryan L. Kwolek,
Petitioner-Appellant, pro se.           /s/ Karen T. Nakasone
                                        Associate Judge
Lisa M. Itomura,
Deputy Attorney General,                /s/ Sonja M.P. McCullen
for Respondent-Appellee.                Associate Judge